[Civil No. 2304.    Filed July 14, 1925.]

[237 Pac. 955.]

## J. B. WEDGWORTH and B. F. WEDGWORTH, Appellants, v. J. W. WEDGWORTH, Appellee.

1. JUDGMENT—JUDGMENT OF SUPERIOR COURT, AS ARBITRATOR, PURSUANT TO STIPULATION BETWEEN PARTIES, HELD BINDING.—Where, after long dispute, parties entered into stipulation in open court to submit controversy to superior court judge, and agreed that his determination was to be final and conclusive and binding on them, and that they would fully and freely carry out all findings made by him, *held*, that judge's judgment, as arbitrator, is in nature of judgment by consent, and binding on parties.

2. APPEAL AND ERROR—THAT TRIAL JUDGE HAD CONSENT OF ALL PARTIES TO ADJUST DISPUTE PURSUANT TO STIPULATION ASSUMED.—In absence of full statement of all contentions of parties in open court and the pleadings, Supreme Court will assume that trial judge, in acting as arbitrator pursuant to stipulation of parties, had consent of all parties to adjust matter in manner in which he did.

See (1) 34 C. J., p. 779.    (2) 4 C. J., p. 736.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. Benton Dick, for Appellants.

1. See 15 R. C. L. 645.
2. See 2 R. C. L. 131.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

ROSS, J.—This case is concerning ditch rights. It was begun in 1917. This is the second time it has reached this court. The former opinion is reported in 20 Ariz. 518, 181 Pac. 952, to which reference is made for a full statement of the issues and the facts.

The suit was brought by J. W. Wedgworth against his father, J. B. Wedgworth and his brother, B. F. Wedgworth, to establish the plaintiff's right to have enough water flow through and over the land of J. B. Wedgworth, in what is known as the center ditch, to irrigate thirty acres of plaintiff's land and to restrain the defendants from interfering with the free flow thereof, and also to recover damages alleged to be $500.

In the former trial the plaintiff was successful; the judgment being in his favor for a right of way for water to irrigate thirty acres, and for damages in the sum of $250. On appeal to this court, such judgment was held to be erroneous in part and correct in part. As modified, the judgment allowed the plaintiff the right of way across defendant's premises for enough water to irrigate ten acres only; it being held that he had no right, and could acquire no right to convey waste water, as waste water was not subject to appropriation, and the judgment, in so far as it undertook to recognize the plaintiff's right to have such water so conveyed, was vacated. Because the defendants' interference with the free flow of the water to plaintiff's premises was unlawful only to the extent of ten acres, the judgment for damages was set aside and vacated. The cause was remanded for a new trial on the question of damages only.

On March 14, 1923, the case came on for a second trial. A jury was impaneled and both the plaintiff

and defendants introduced evidence, whereupon it seems the parties agreed that the jury should be discharged without rendering a verdict, and they entered into the following stipulation:

"In the Superior Court of the State of Arizona in and for the County of Maricopa. J. W. Wedgworth, Plaintiff, v. J. B. Wedgworth and B. F. Wedgworth, Defendants. No. 9747. Stipulation. It is hereby stipulated by Kibbey, Bennett, Gust, and Smith, attorneys for plaintiff, and Benton Dick, attorney for defendants, in pursuance of an agreement reached in open court in the presence of and with the consent of plaintiff and defendants, that all questions of controversy between the parties relative to ditch rights for the respective lands of the parties, described in the pleadings in this cause, shall be submitted to the Hon. DUDLEY W. WINDES for final settlement and adjudication, with the end in view that said judge shall make such disposition of all controversies between said parties concerning said ditches as to him shall seem just and right. It is further stipulated that the said Hon. DUDLEY W. WINDES, before making his determination, shall make a personal inspection of the premises, and, to aid him in reaching such determination, may employ a competent engineer, the expense of which shall be paid by the said J. B. Wedgworth, and that, when the said Hon. DUDLEY W. WINDES makes his determination upon such matter, such determination shall be binding and conclusive upon the parties. Such determination shall be entered in the form of a judgment in this cause, and may, if the said Hon. DUDLEY W. WINDES finds that it is right and proper that the same shall be done, set aside the judgment heretofore entered in this cause and dissolve the injunction therein. The parties hereto hereby waive all objections to the jurisdiction of the court to proceed in the matter herein provided, and agree that the determination of the said Hon. DUDLEY W. WINDES of the matters herein referred to shall be final and conclusive, and binding upon them, and hereby agree that they will fully and freely carry out all findings

made by said judge in pursuance hereof, including the execution of any writings that said judge may require to carry out his findings. Kibbey, Bennett, Gust & Smith, Attorneys for Plaintiff. Benton Dick, Attorney for Defendants.''

Nothing of record material to the case seems to have happened until on February 5, 1924, when the court, after reciting the above stipulation, and the fact of his having visited the premises for the purposes of inspection, the appointment of J. G. Bailhache, a civil and hydraulic engineer, to aid him in reaching a determination, and the recommendation of such engineer, entered judgment that the plaintiff should have a right of way over the premises of defendants for the conveyance of water to irrigate thirty acres of land, the south fifty-six rods of the ditch to be constructed over the line of the existing center ditch (described in former opinion), and the remainder to be new construction in accordance with the plans and specifications of Engineer Bailhache; the said ditch to be constructed and maintained at the expense of plaintiff. It is also provided in the judgment that this new ditch might be connected with an old ditch, the property of plaintiff and defendants, tapping a lateral of the Buckeye Irrigation Company, from which company the plaintiff obtained his water supply, and that in such event the defendants would be entitled to have the water run through said ditch for a period of 144 hours, and immediately thereafter the plaintiff should be entitled to use the same for not to exceed twenty-four hours.

There are other provisions of the judgment inserted for the purpose of defining the respective rights of the plaintiff and defendants and their duties in the construction and maintenance of ditches and their privileges in the use thereof. But the provisions we have specifically enumerated, we think, are

the ones of which complaint is principally if not wholly made.

The defendants are not satisfied with the judgment, and appeal again. They make seven assignments of error, but their principal grievance seems to be that the plaintiff was given a right of way over defendants' land to convey water to irrigate thirty instead of ten acres of land. So it is the size of the ditch and not the right to have and use it across defendants' lands that the defendants complain of. In their brief they say:

"When the stipulation was signed, it was the intention of the parties to submit to Judge WINDES the question of the most practicable and feasible route for a ditch through which plaintiff might receive water for ten acres of his land, the alleged interference with the flow of which was the basis of his original action."

This is a concession that it was intended that Judge WINDES could locate the ditch on the most practicable and feasible route across defendants' land, and that he was not bound to follow the old center ditch, and, in effect, waives any objection to the new construction as long as its capacity is maintained at ten acres. It is contended it should have been limited to a capacity of ten acres to correspond with the terms of the decision of this court in the former appeal. Defendants say in their brief in that connection:

"It was not the intention of the parties that the judgment of the Supreme Court should be set aside or modified."

This assertion is not in accord with the stipulation, for therein it is stated:

"If the said Hon. DUDLEY W. WINDES finds that it is right and proper that the same shall be done (he may) set aside the judgment heretofore entered in this cause and dissolve the injunction."

It is obvious from a reading of the stipulation that it was the intention and the purpose of the parties to confide in Judge WINDES the authority and power to settle all controversies between the parties concerning ditches "as to him shall seem just and right," and in that connection to vest in him the power and right to disregard the former judgment and to determine their respective rights as upon the original proceeding.

We think it proper that this stipulation should be viewed from the standpoint of the parties who entered into it and the circumstances surrounding them at the time. It was a contest between the father and son over a right claimed by the latter to have water run over the former's land for the irrigation of the son's premises. At the time the stipulation was entered into, the controversy had been long in court, and it is not unnatural to assume that the parties had grown tired and sick of it, and had come to the conclusion that there should be amity and peace among the members of the family. Prompted by such fine impulse, and for the purpose of settling all their differences, they magnanimously placed their rights in the power of the presiding judge, in whose honesty, ability, and integrity they implicitly believed. The judge, yielding to the situation, laid off his judicial robe for a time and assumed the duty and responsibility of an arbiter and, as he says in his findings, "having in view the respective contentions of the parties as made in open court, as well as by the papers on file in said cause, and having in view the elimination of future dissensions between the parties as is contemplated by the spirit, as well as the language, of the stipulation hereinabove set forth," decided the controversies as above indicated.

It seems to us the judge responded to the trust confided in him with absolute fidelity, and that the

parties hereto, if there is no legal reason preventing it, should be required to observe their promise that—

"The parties hereto . . . agree that the determination of the said Hon. DUDLEY W. WINDES of the matters herein referred to shall be final and conclusive and binding upon them, and hereby agree that they will fully and freely carry out all findings made by said judge in pursuance hereof."

The judgment upon the award of Judge WINDES acting as an arbitrator is in the nature of a judgment by consent, and is binding upon the parties. *Bank of Monroe* v. *Widner,* 11 Paige (N. Y.), 529, 43 Am. Dec. (N. Y.) 768; *Yates* v. *Russell,* 17 Johns. (N. Y.) 461; *Green* v. *Patchin,* 13 Wend. (N. Y.) 293.

It is apparent from the recitals in the court's judgment that contentions were made in open court other than those contained in papers on file in the cause, and it is suggested by counsel for appellee that other pleadings and papers in the case were not brought up. Just what the other contentions were we are not able to say. On the whole, however, the trial judge must have concluded that he had the consent of all the parties to adjust the matter in the manner in which he did, and, in the absence of a full statement of all contentions in open court and pleadings, we must assume he was right.

We know of no legal reason why the parties could not settle their differences in the manner adopted. None is suggested; both parties apparently being satisfied with its legality.

We think the judgment should be carried out as one by consent, and we therefore affirm it.

McALISTER, C. J., and LOCKWOOD, J., concur.